**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TENNESSEE**
**AT KNOXVILLE**

| | | |
|---|---|---|
| LUIS MIGUEL VENTURA MORENO,<br><br>Petitioner,<br><br>v.<br><br>TOM SPANGLER, PAUL COOPER, and UNITED STATES OF AMERICA,<br><br>Respondents. | ) | No.: 3:26-CV-417-CLC-JEM |

**MEMORANDUM AND ORDER**

Petitioner Luis Miguel Ventura Moreno filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241, challenging his detention at the Roger D. Wilson Detention Facility under an Immigration and Customs Enforcement ("ICE") detainer [Doc. 1]. Respondents have filed responses to the petition [Docs. 6, 7]. Having reviewed the Parties' filings and the applicable law, the Court finds that the issues have been adequately briefed and that a hearing is unnecessary.[1] For the reasons explained below, the Court denies the petition.

## I. BACKGROUND

On August 9, 2026, Petitioner was arrested in Knoxville, Tennessee, and charged with various Tennessee criminal offenses, including DUI and driving without a license [*See* Doc. 5-1] and placed in the custody of the Knox County Sheriff's Office [Doc. 5 ¶ 4]. Those charges are currently set for trial on September 17, 2026 [*See* Doc. 5-1].

On August 10, 2026, the Knox County General Sessions Court issued Petitioner a conditional release order, permitting Petitioner to be released from custody on his state charges if

[1] *See* Rule 8(a), Rules Governing 2254 Cases in the United States District Courts; *see also* Rule 1(b) (permitting application of § 2254 Rules to other habeas petitions).

he fulfills the orders' requirements [Doc. 5-2]. Specifically, the conditional release order requires Petitioner to sign an "Acknowledgment of Special Conditions of Bond," after which he would be able to post bond [*Id.*]. Petitioner did not elect to avail himself of the conditional release order, as he has not signed the order agreeing to the conditions of his release [Doc. 5 ¶ 7].

On August 10, 2026, ICE Lodged an Immigration detainer with the Knox County Sheriff's Office [Doc. 5-3]. The detainer does not prevent Petitioner from availing himself of the conditional release, though he would be released into ICE custody if he did so [*See id.*].

In his § 2241 petition, Petitioner maintains that he is being held unlawfully, because he was not released pursuant to the conditional release order due to the ICE detainer [*See generally* Doc. 1]. After reviewing the petition, the Court entered an Order requiring Respondents to respond to Petitioner's allegations [Doc. 3]. On September 4, 2026, Respondents responded to the petition, with (1) the Knox County Respondents maintaining that "Petitioner cannot be released to the immigration detainer until he avails himself of the condition[al] release order or his pending criminal charges are resolved, whichever occurs first" [Doc. 5 ¶ 9] and that the Court lacks jurisdiction [Doc. 6]; and (2) the Government stating that the Court lacks jurisdiction over Petitioner's claims, as he is not in federal custody [Doc. 7].

## II. ANALYSIS

Habeas relief may be granted when a petitioner demonstrates that he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). Federal district courts have jurisdiction to resolve petitions for writ of habeas corpus filed under § 2241 by detainees asserting "claims arising out of immigration detention." *Ly v. Hansen*, 351 F.3d 263, 266 (6th Cir. 2003) (citing *Zadvydas v. Davis*, 533 U.S. 678, 688 (2001)).

Here, Petitioner is not in immigration detention as he alleges in his petition [*See* Doc. 1 p. 2]. That is, Petitioner is not in ICE custody merely because an immigration detainer has been lodged. *United States v. Garcia*, 787 F. Supp. 3d 830, 856 n.22 (M.D. Tenn. 2025) ("[T]he existence of an ICE detainer is not custody." (citing *United States v. Aleman-Duarte*, No. 3:19-CR-149-PLR-DCP, 2020 WL 236870, at *3 (E.D. Tenn. Jan. 15, 2020)). Instead, it is apparent from the record that Petitioner is being held in state custody on state criminal charges because he has not agreed to the terms of the conditional release order. And until Petitioner is in federal custody, his petition is premature and the Court lacks jurisdiction over it. *See Prieto v. Gluch*, 913 F.2d 1159, 1162 (6th Cir. 1990) (finding no habeas jurisdiction over a petitioners' claims against the Immigration and Naturalization Service ("INS") where petitioners were not in INS custody); *see also Abriq v. Metro. Gov't of Nashville & Davidson Cnty.*, 333 F. Supp. 3d 783, 787 (M.D. Tenn. 2018) ("[D]etainers notify a state or locality that ICE intends to take custody of a removable alien, *already in state custody*, when that alien is released from state custody.").

## III. CONCLUSION

For the reasons set forth above, the Court **DENIES** Petitioner's petition for habeas relief and will **DISMISS** this action.

**SO ORDERED. AN APPROPRIATE JUDGMENT ORDER WILL ENTER.**

**/s/____________________________**
**CURTIS L. COLLIER**
**UNITED STATES DISTRICT JUDGE**